IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EVALINE WHITE, et al.,**<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>**R&R TRUCKING, et al.,**<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:06CV705DAK |

　　　　This matter is before the court on Defendant Ensign Bickford Company's Motion to Dismiss Plaintiffs' First, Second, Fifth, Eighth, Ninth, and Eleventh Causes of Action.  A hearing on the motion was held on February 6, 2007.  At the hearing, Defendant was represented by Karthik Nadesan, and Plaintiff was represented by Sam Adams and Kenneth Lougee.  The court took the matter under advisement.  The court has considered carefully the pleadings, memoranda, and other materials submitted by the parties, the arguments advanced by the parties at the hearing on this motion, and the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

　　　　On August 11, 2005, Plaintiffs were injured when a tractor trailer owned and operated by Defendant R&R Trucking Inc. rolled off the road in Spanish Fork Canyon and the explosive products it was transporting ignited.  The explosives were manufactured by Defendant Ensign

1

Bickford at its Spanish Fork, Utah manufacturing facility. The explosives had been purchased by Buckley Powder of Oklahoma and were being transported to Buckley when the accident occurred. Plaintiffs have brought suit against R&R, the drivers of the tractor-trailer, Ensign Bickford, and Buckley for strict liability, negligence, res ipsa loquitur, and failure to warn.

Defendant first filed its Motion to Dismiss before Buckley was made a party to the action. Therefore, the original motion argued that the explosives were purchased F.O.B. Spanish Fork and Plaintiffs' actions were erroneously premised on Ensign Bickford's alleged ownership of the explosives that were on board the tractor-trailer. However, Buckley is now a party to the action and has denied ownership of the explosives. Buckley has argued that no F.O.B. term applied to the sale of the explosives because it never received Ensign Bickford's invoices. Buckley further argues that Ensign Bickford did not rely on the F.O.B. term because it never charged Buckley for the explosives. Although that appears to raise a material issue of fact as to ownership, Ensign Bickford filed a supplemental memorandum in support of its motion arguing that even if the purchase orders do not establish ownership, the UCC default provisions are determinative of ownership.

## DISCUSSION

Defendant argues that Plaintiffs' strict liability, negligent entrustment, and res ipsa loquitur causes of action fail because Ensign Bickford did not own the explosives at the time of the explosion. Defendant also argue that it cannot be held liable for R&R's negligence under the doctrine of negligence inherent in the work because that doctrine has not been adopted in Utah and is incompatible with the Utah Liability Reform Act. Finally, Defendant argues that Plaintiffs' failure to warn claim fails because it had no duty to warn and its alleged failure to

warn was not the proximate cause of Plaintiffs' injuries.

### A. Strict Liability, Negligent Entrustment, Res Ipsa Loquitur

Defendant argues that even if Buckley's assertions are accurate, Plaintiff's claims against it should be dismissed as a matter of law because title to the explosives passed to Buckley when the explosives were loaded onto the truck in Spanish Fork for shipment to Oklahoma. Defendant contends that under the default provisions of the UCC, in the absence of an express term requiring delivery at the destination, title to goods passes to the buyer at the time of shipment.

"[I]f the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment." Utah Code Ann. § 70A-2-401(2)(a) (2007). Under the UCC, "shipment" and "deliver" are terms of art with specific meanings. "Delivery" refers to a voluntary transfer of possession and entails a tender of delivery requiring that "the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery." *Id.* §§ 70A-1-201(14), 70A-2-503. In contrast, "shipment" means "the seller is required or authorized to send the goods to the buyer" and does not require a tender of delivery." *Id.* § 70A-2-504.

The UCC further contemplates that "the 'shipment' contract is regarded as the normal one and the 'destination' contract as the variant type . . . [t]he seller is not obligated to deliver at a named destination and bear the concurrent risk of loss until arrival, unless he has specifically agreed so to delivery or the commercial understanding of the terms used by the parties contemplates such delivery." UCC § 2-503 cmt. 5 (1998). Accordingly, a contract is a shipment contract, and not a delivery contract, if the express terms of the contract fail to use the term

delivery. *See, e.g., Hales Sand & Gravel, Inc. v. Utah Tax Comm'n*, 842 P.2d 887, 892 (Utah 1992).

It is well settled that unless the contract requires delivery, title passes at the time of shipment. "If a contract is otherwise silent as to when title passes, title passes at the time the seller commits to performing the contract . . . [i]f the contract anticipates shipment of goods, the seller commits at the time of shipment"). *Utah Aircraft Alliance v. Smoot*, 342 B.R. 327, 336 (B.A.P. 10th Cir. 2006).

Defendant argues that the purchase orders in this case do not contain an express requirement that Ensign Bickford deliver the explosives to Buckley at the destination. Plaintiff, however, argues that the Purchase Order required delivery and there is at least a question of fact as to the meaning of the terms on the purchase order. The purchase order does not use the term delivery. However, it states "Ship via Vendor Truck."

Plaintiff maintains that under Utah Code Ann. § 70A020401(2) and *Hales Sand & Gravel v. Utah Tax Comm'n*, 842 P.2d 887 (Utah 1992), Ensign Bickford's duty was not completed by delivery to a common carrier. Plaintiff contends that that language of the contract coupled with the fact that Ensign Bickford never charged Buckley for the explosives, indicates that the parties intended a destination contract and the risk of loss remained with Ensign Bickford until the explosives were delivered in Oklahoma.

In *Hales*, Hales argues that it was not responsible for sales tax on the delivery charges incurred when it sold asphalt. Relying on § 70A-2-401(2), the court held that where parties had not "explicitly agreed" when title should pass, the test to be applied "hinges the passage of title on whether the contract requires delivery at destination." "In adopting the UCC, the legislature

declared that where a contract requires delivery at destination, title passes at destination unless the parties explicitly agree otherwise." In *Hales*, the court found that title to the asphalt did not pass until Hales actually delivered it.

The purchase orders in *Hales*, however, did not contain the same language as the purchase order in this case. Hales argued that the fact that its purchase orders showed separate entries for costs of materials and transportation was enough. The court found that those separate entries did not demonstrate an agreement to pass title at shipment. *Hales* also involved an appeal of the Utah Tax Commission, and Hales had to demonstrate that no substantial evidence supported the Commission's finding that title did not pass at shipment. The court, therefore, does not find *Hales* determinative of the issue.

The court finds that the language "Ship via Vendor Truck" is ambiguous and insufficient at this time to rule as a matter of law whether the purchase order is a shipment or destination contract. Because there is a material question of fact as to when title passed, the court believes the parties should conduct discovery on the issue and resolve the issue on summary judgment. Accordingly, Defendant's motion to dismiss these causes of action is denied.

**B. Negligence Inherent in the Work**

Defendant also seeks to have this court dismiss Plaintiff's negligence inherent in the work claim. Under the negligence inherent in the work doctrine. "[o]ne who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to others by the contractor's failure to take reasonable precautions against such danger."

Restatement (Second) of Torts § 427 (1965).

This doctrine has never been formally adopted in Utah. Furthermore, the doctrine is irreconcilable with the Utah Liability Reform Act. Under the ULRA, Defendant cannot be liable for R&R's or its employees' negligence absent a showing that Ensign Bickford contributed to the negligence. Therefore, Plaintiff's negligence inherent in the work claim against Defendant Ensign Bickford is dismissed.

### C. Failure to Warn

Defendant argues that Plaintiffs' ninth cause of action for failure to warn R&R that the explosives would explode if exposed to fire fails for three reasons: (1) Ensign Bickford had no duty to warn; (2) any duty to warn was owed to R&R, not Plaintiffs; and (3) any alleged failure to warn was not the proximate cause of Plaintiffs' injuries. A "manufacturer cannot be held liable for injuries which result from patent dangers, inherent in the product, completely within the cognition of a reasonable user, and incapable of being economically alleviated." *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1104 (10th Cir. 1991).

Plaintiffs did not respond to these arguments in its brief or at the hearing on the motions. The court, therefore, agrees with Defendant that the case law supports a finding that it cannot be held liable to Plaintiffs for failure to warn. Accordingly, Plaintiffs' failure to warn claim against Defendant Ensign Bickford is dismissed as a matter of law.

### CONCLUSION

Based on the above reasoning, Defendant Ensign Bickford's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' Fifth Cause of Action for negligence inherent in the work claim and Ninth Cause of Action for failure to warn against Defendant

Ensign Bickford are dismissed as a matter of law.  Because there is a question of fact as to when title passed with respect to the shipment of the explosives, the court denies Defendant's motion to dismiss with respect to Plaintiffs' remaining claims against it.

DATED this 28th day of February, 2007.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge